**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JONAH NEFF, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| BANK OF AMERICA, N.A., AS | § | A-14-CV-00901-LY-ML |
| SUCCESSOR BY MERGER TO BAC | § | |
| HOME LOANS SERVICING, L.P., and | § | |
| BARRETT DAFFIN FRAPPIER TURNER | § | |
| & ENGLE, LLP, | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL,
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Remand, filed October 29, 2014 (Clerk's Dkt. #6), Defendant Barrett Daffin Frappier Turner & Engle, LLP's Response to Plaintiff's Motion to Remand, filed November 17, 2014 (Clerk's Dkt. #9); Plaintiff's Supplement to Motion to Remand, filed January 22, 2015 (Clerk's Dkt. #14), Defendant's Response to Plaintiff's Supplement to Motion to Remand, filed January 30, 2015 (Clerk's Dkt. #15), Plaintiff's Reply to Defendant's Response to Plaintiff's Supplement to Motion to Remand, filed February 6, 2015 (Clerk's Dkt. #16); Defendant Barrett Daffin Frappier Turner & Engle, LLP's Motion to Dismiss, filed May 21, 2015 (Clerk's Dkt. #17), and Plaintiff's Response thereto, filed May 28, 2015 (Clerk's Dkt. #18). All pending nondispositive motions in the above-styled cause have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of

1

Texas. Likewise, all dispositive motions have been referred to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

After reviewing the pending motions, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I.      BACKGROUND

This action arises out of admittedly mistaken foreclosure proceedings. On January 14, 2013, the Plaintiff, Jonah Neff, came to own real property commonly known as 2401 E. 6th Street, Unit 6103, Austin, Travis County, Texas. Mot. Remand (Clerk's Dkt. #6) at ¶ 2.1. Neff's property, formerly owned by Matt Lindsay, had no liens on it. *Id*. On July 15, 2013, Neff received a Notice of Foreclosure from Bank of America, N.A. ("Bank of America") and law firm Barrett, Daffin, Frappier, Turner & Engel ("Barrett") addressed to former owner Lindsay for the nonpayment of a $23,000 Home Equity Loan dated August 16, 2006. *Id.* at ¶2.2-2.4. While the Notice of Foreclosure correctly described Lindsay's property to be foreclosed, an attached document incorrectly referenced a legal description of Neff's property. *Id.* at ¶2.3-2.4. On July 26, 2013, Neff notified Bank of America and Barrett of the errors contained in the Notice of Foreclosure. *Id.* at ¶2.5. Despite repeated attempts by Neff to notify both Bank of America and Barrett, Barrett erroneously attempted to foreclose on Neff's property August 6, 2013 and again on March 4, 2014. *Id.* at ¶2.6-2.8.

Plaintiff filed this breach of contract and tort action in the 419th Judicial District Court of Travis County, Texas on August 24, 2014 against Bank of America and Barrett. On September 29, 2014, Bank of America filed a timely Notice of Removal to United States District Court for

the Western District of Texas, Austin Division asserting federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441. Plaintiff moved to remand on October 29, 2014. *See generally* Mot. Remand (Clerk's Dkt. #6).

Neff and Bank of America filed a Stipulation of Dismissal with Prejudice as to Bank of America on January 20, 2015. Stip. Dism. (Clerk's Dkt. #13).  In light of Bank of America's dismissal, Neff filed a supplement to his Motion to Remand asserting diversity jurisdiction, if it ever existed in this case, was destroyed. Supp. Mot. Remand (Clerk's Dkt. #14) at ¶¶ 2.1-2.3. The remaining Defendant, Barrett, opposes remand and requests that this court exercise its supplemental jurisdiction to dismiss Plaintiff's claims against Barrett with prejudice. Mot. Dism. (Clerk's Dkt. # 17).

## II.    ANALYSIS

Neff asserts there was never any diversity jurisdiction to support removal, because he has viable state-law claims against Barrett, a non-diverse, Texas-based Defendant.  *See generally* Mot. Remand (Clerk's Dkt. #6).  In the alternative, he asserts the dismissal with prejudice of his claims against Bank of America destroys diversity jurisdiction, and the exercise of supplemental jurisdiction would be inappropriate in the absence of any diverse parties or federal claims.  *See generally* Supp. Mot. Remand (Clerk's Dkt. #14).  Barrett asserts Plaintiff's state law claims against them are not viable, that diversity jurisdiction was therefore appropriate at the time of removal, and supplemental jurisdiction is appropriate to dismiss Plaintiff's claims now.  *See generally* Mot. Dism. (Clerk's Dkt. #17).

### A.  Standard of Review

The subject matter jurisdiction of the Federal District Court after removal is predicated upon 28 U.S.C. §§ 1332 & 1441(b). Cases removed from state to federal court based on diversity jurisdiction require an amount in controversy in excess of $75,000, exclusive of interests and costs, and complete diversity among the parties both at the time of filing and at the time of removal. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267, 267, 2 L.Ed. 435, 435 (1806); *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The burden of showing the propriety of removal falls on the removing party. *Callivani v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). If removal is found to be improper, the District Court may remand a case for lack of subject matter jurisdiction and award attorney fees and costs associated with efforts by defendants to effect a bad faith removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41, 126 S.Ct. 704, 710 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 294 (5th Cir. 2000); *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F. Supp.2d 775, 778 (W.D. La 2008).

### B.    Absence of Complete Diversity at Removal

It is undisputed that both Neff and Barrett are citizens of Texas. Notice of Removal (Clerk's Dkt. #1) at ¶ 6. Barrett's contention that complete diversity exists in this state law claim rests on its assertion of nominal defendant status. Resp. Mot. Remand (Clerk's Dkt. #15) at ¶ 6. A nominal defendant is a nonessential party who could leave the suit without affecting the equity and fairness of a final judgment, and is disregarded for purposes of determining diversity of the parties. *Acosta v. Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006).

Neff alleges that Barrett, unlike a true nominal defendant, substantially and independently contributed to Neff's injuries that form the basis of his claims for relief. *See generally* Mot. Remand  (Clerk's Dkt. # 6). Among other allegations, Neff asserts tort claims

4

against Barrett specifically for abuse of process and intentional infliction of emotional distress. Original Pet. (Ex. A) at ¶¶ 8.2-10.4.

Additionally and in the alternative, Barrett argues against the viability of Neff's state law claims on the basis of attorney immunity. Resp. Mot. Remand (Clerk's Dkt. #9) at 4. Barrett asserts that Texas's attorney immunity doctrine protects it from any suit brought by a non-client for actions taken on behalf of a mortgagee. *Id.* at 5. Barrett cites several recent cases where attorney immunity is applied to it specifically in previous foreclosure proceedings. *Id.* at 6. Texas does have a strong interest in ensuring zealous representation by protecting attorneys representing clients within the confines of the law. *Brandt v. West*, 892 S.W.2d 56, 76 (Tex. App.—Houston [1st Dist.] 1994, writ denied). However, attorneys in Texas enjoy only "'qualified immunity' from civil liability with respect to non-clients for actions taken in connection with representing a client" therefore, "the applicability of qualified immunity depends on the nature of the attorney conduct at issue." *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405-06 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Qualified immunity does not apply to fraudulent or malicious attorney conduct. *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no writ).

Texas courts have consistently held that intentional torts, like Neff's claims of intentional infliction of emotional distress and tortious interference, fall under the malicious conduct exception to attorney immunity set out in *Likover. See, e.g., Miller v. Stonehenge/Fasa-Texas, JDC, L.P.*, 993 F.Supp. 461, 464-65 (N.D. Tex. 1998) (including intentional infliction of emotional distress in the category of malicious conduct excluded from attorney immunity and stating "the law does not provide absolute immunity for every tort committed by a lawyer that may be tangentially related to his professional role."); *Sacks v. Zimmerman*, 401 S.W.3d 336,

340 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (holding that certain intentional torts that fall into a class recognized by Texas law as malicious preclude immunity).

Crucially, Barrett's supporting authorities can be distinguished from the present action due to Neff's status as the rightful owner of a property free of liens. Each of Barrett's past invocations of attorney immunity came against adversary-mortgagor's, not non-mortgagors like Neff. *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. Appx. 274, 277 (5th Cir. 2014); *L'Amoreax v. Wells Fargo Bank, N.A.*, 755 F.3d 748, 749 (5th Cir. 2014); *Iqbal v. Bank of America, N.A.*, 559 Fed. Appx. 363, 364 (5th Cir. 2014). Neff alleges not only that his property was free of liens, but that Barrett had both actual and constructive notice of that fact when it twice attempted foreclosure. In light of the malicious conduct alleged by Neff against Barrett, attorney immunity cannot apply. *Likover*, 969 S.W.2d at 472. Therefore, Barrett's claims of improper joinder fail as a matter law. *See* FED. R. CIV. P 20 (a)(2) (parties may be joined as defendants when "any right to relief is asserted against them…with respect to or arising out of the same transactions or occurrences and any question of law or fact common to all defendants" exists.)

 In removal, ambiguity is construed against the side seeking removal and the removing side bears the burden of clarifying any ambiguity. *Cavallini,* 44 F.3d at 263; *Marshall v. Skydive America South*, 903 F. Supp. 1067, 1069 (E.D. Tex. 1995). The circumstances of this case create ambiguity about the existence of diversity, and Barrett failed to meet their burden of establishing attorney immunity or nominal defendant status. This preliminary examination of the case alone calls into question the propriety of the removal.

### C.    Diversity Jurisdiction and the Time-of-Filing Rule

On January 20, 2015, all claims against North Carolina-based Defendant, Bank of America, were dismissed with prejudice.  Stip. Dism. (Clerk's Dkt. #13). Barrett contends this

dismissal does not affect the court's diversity jurisdiction because diversity jurisdiction is determined at the time of filing. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 575, 124 S.Ct. 1920,1926 (2004). Courts generally do not consider subsequent changes within the parties, like a diversity-destroying change in the citizenship of one formerly diverse party, after removal. *Id.* This time-of-filing rule promotes deferential treatment of the plaintiff's forum choice, conserves judicial resources by preventing constant reassessment of jurisdiction, and discourages manipulative behavior. *Id.*

Exceptions to the time-of-filing rule operate in situations where policy considerations such as plaintiff's forum choice, propriety of removal, and judicial economy cannot be advanced by strict adherence to the rule. *Marshall*, 903 F.Supp. at 1070, n.5. Barrett contends that none of these exceptions apply to the present case. Defendant's Resp. to Mot. Remand (Clerk's Dkt. #9) at ¶ 6. Nevertheless, since the propriety of removal is in question and removal went against Neff's forum choice, remand does not go against policy considerations and the undersigned finds time-of-filing exceptions may properly be considered on these facts. *Marshall*, 903 F.Supp. at 1070 n.5.

### D.   The Change of Parties Exception Requires Remand

The Supreme Court in *Grupo Dataflux* reiterated the time-of-filing rule when denying a Motion to Remand but also alluded to an exception to the rule: "the purported cure [to the diversity defect] arose not from a change in the parties to the action, but from a change in the citizenship of a continuing party." *Id.* The Third Circuit further articulated the change-of-party exception: "[T]he time-of-filing rule admits exceptions in cases where the parties change in contrast to cases in which the circumstances attendant to those parties change." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152-53 (3rd Cir. 2009). Similarly, in *Hensgens*, the

Fifth Circuit held that remand to state court is mandatory upon the addition of a non-diverse defendant. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Read together, these cases teach that the post-removal addition or omission of a party, as opposed to a post-removal change in an existing party's circumstances, may indeed destroy diversity jurisdiction and require remand. *Kaufman*, 561 F.3d at 152-53; *Hensgens*, 833 F.2d at 1182. In this case, the dismissal of Bank of America, the only diverse defendant, requires this court to remand. *See Kaufman*, 561 F.3d at 152-53.

As in *Kaufman*, Bank of America's dismissal from this case amounts to a change in parties that destroys diversity. 561 F.3d at 153. The federal statute on post-removal procedure advises "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Complete diversity no longer exists in this case, if it ever existed at all. *Kaufman*, 561 F.3d at 153. Even allowing Barrett's claims that complete diversity existed at the time of filing and removal, the change of party exception to the time-of-filing rule requires this court to remand this case for want of subject matter jurisdiction. *Id.* Therefore, the undersigned RECOMMENDS that Plaintiff's Motion to Remand (Clerk's Dkt. #6) be GRANTED. Because the now-dismissed Bank of America removed this case, rather than Barrett, the undersigned RECOMMENDS the request for an award of attorney fees and costs to Neff at Barrett's expense be DENIED. *Valdes*, 199 F.3d at 294.

### E.     The Court Lacks Jurisdiction To Determine the Motion to Dismiss

Barrett asserts this Court should exercise supplemental jurisdiction to rule on its Motion to Dismiss Plaintiff's state-law claims. Mot. Dism. (Clerk's Dkt. #17). This would be an improper extension of supplemental jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161

(5th Cir. 2011). The "'general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.'" *Id.* (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d. 580, 585 (5th Cir. 1992)). Defendant's Motion to Dismiss seeks to address the merits of Plaintiff's state law claims, which this Court lacks jurisdiction to do in the absence of any diverse parties or federal question that would support supplemental jurisdiction. *Enochs*, 641 at 161. Therefore, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Clerk's Dkt. #17) be DISMISSED for lack of subject matter jurisdiction.

## III. RECOMMENDATION

For the reasons outlined above, the undersigned RECOMMENDS that the District Court GRANT Plaintiff's Motion to Remand (Clerk's Dkt. #6), DISMISS Defendants' Motion to Dismiss (Clerk's Dkt. #17) for lack of subject matter jurisdiction, and DENY Plaintiff's request for attorney's fees. Reply to Defendant's Resp. to Mot. Remand (Clerk's Dkt. #11).

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted

by the District Court.  See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED June 11, 2015

_____
MARK LANE
UNITED   STATES   MAGISTRATE
JUDGE